Jerry D. Goldstein (7391)
GOLDSTEIN, VESPI & VAZQUEZ, LLC
264 Union Boulevard
Totowa, New Jersey 07512
(973) 595.5727
(973) 595.5522
Attorneys for Plaintiff




THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

'10 CIV 00736

VIER INTERNATIONAL LIMITED,
Plaintiff,

vs.

DONNA LOREN, L.L.C., BEYOND PRODUCTIONS, L.L.C., THE HOUSE OF DEREON, H.J.M. INTERNATIONAL INC.,SHLOMO SHAKALO, individually, ISAAC ASSA individually, HENRY MANDIO, individually, and JOHN DOES, ABC COMPANIES,
Defendant(s).

Case No.:

JUDGE MARRERO

COMPLAINT

This action arises from a scheme from which the Plaintiff was defrauded of over $500,000.00 through false representations and purchase orders for the manufacture of women's clothing. The Defendants, Donna Loren, L.L.C., Shlomo Shakalo, Isaac Assa, H.J.M. International, and Henry Mandio were conspirators who induced the shipment of goods to the United States with the intent to convert them or pay less then the agreed upon contract price. Defendants, Beyond Productions, L.L.C. and The House of Dereon were a parties to the breach and conspiracy providing purchase orders and specifications for manufactured goods. At various times, containers of goods were shipped, opened and transferred without regard for title or payment leaving



consignees with no choice but to abandon product or accept significantly discounted payments.

Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), seeking recovery of damages suffered by them as a result of the Defendants' operation and/or management of an enterprise through a pattern of racketeering activity which resulted in substantial injury to the Plaintiffs by way of improper and fraudulent transfers of property.

Plaintiffs also bring this action derivatively pursuant to Rule 23.1 of the Federal Rules of Civil Procedure on behalf and for the benefit of the corporation to remedy the wrongdoing alleged herein, including the fraudulent transfer of Plaintiffs assets.

Plaintiffs further allege breach of contract, fraud, and conversion of goods.

Defendants provided purchase orders for the manufacture and delivery of merchandise. Plaintiff produced and shipped the merchandise and at the point of delivery, Defendants refused to pay for the goods, all the time representing they were paying for the goods, then after a long period of time demanded significant discounts or they would not pay for the goods.

When the Plaintiff asked for return of the goods, the Defendant shipping company refused to release the goods and demanded enormous storage costs. Upon inspection of the merchandise by Plaintiff it became clear that much of the merchandise was missing and that some of the merchandise had been opened and repackaged by the Defendants in cartons other than those shipped by Plaintiff.

After inspection, it became clear that Defendants had conspired to use the merchandise without paying for it and extort payments and/or discounts from the Plaintiffs who had done nothing but comply with the terms of an agreement. The



Plaintiffs are unable to mitigate as the merchandise carries a logo that is licensed property.

## THE PARTIES

1. At all times relevant hereto, VIER INTERNATIONAL LIMITED, was and still is a corporation, organized and existing under the laws of Hong Kong, China, with its principal place of business in that country at 1301 International Trade Building, Renmin Road South, Luoho District, Shenzen, China.

2. VIER INTERNATIONAL LIMITED ("Vier") is in the business of production of ladies' lingerie, other apparel, and sale of such merchandise, including exportation to the United States.

3. Upon information and belief, at all relevant times, defendant, DONNA LOREN L.L.C. ("Donna Loren") was and still is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 15 West 34th Street, New York, New York.

4. Upon information and belief, at all relevant times, defendant, ISAAC ASSA, was and still is an individual residing in the State of New York, County of Kings, and is an officer and/or principal of Donna Loren.

5. Upon information and belief, at all relevant times, defendant SHLOMO SHAKALO, was and still is an individual residing in the State of New York, County of Kings, and is an officer, agent, and/or principal of Donna Loren.

6. Upon information and belief, at all relevant times, defendant, H.J.M. INTERNATIONAL, INC. ("HJM") was and still is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 53-39 Rockaway Boulevard, Jamaica, New York, and was and now is engaged in business



as common carriers of merchandise by water for hire, owned, operated, managed, chartered and/or otherwise controlled.

7. Upon information and belief, at all relevant times, defendant, HENRY MANDIO, was and still is an individual residing in the State of New York, County of Queens, and is an officer, agent, and/or principal of HJM.

8. Upon Information and belief, at all relevant times, defendants Beyond Productions, L.L.C. and The House of Dereon are organizations created for the design and sale of fashion merchandise endorsed by entertainer, Beyonce Knowles and business partners. Beyond Productions has offices in New York, New York.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331, because this action arises under the laws of the United States, particularly 18 U.S.C.A. §1964(a) and (c).

10. Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C.A §1332(a)(2), by reason of diversity of citizenship between the parties to this action and the amount in controversy.

11. The Court has supplemental jurisdiction over any claims asserted that do not arise under Federal Law as they arise from the same transaction or occurrence as the federal claim.

12. Venue is proper pursuant to 18 U.S.C.A. 1965(a) in light of the fact that the claims arose in New York County.



**FIRST COUNT**

**(RICO)**

13. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections of the complaint and make each a part hereof.

14. The Plaintiffs are "persons" within the meaning of 18 U.S.C.A. §1961(3).

15. The Individual Defendants constitute a group of individuals associated in fact in an enterprise that engages in, and whose activities affect, interstate commerce.

16. The Individual Defendants operated and/or managed the enterprise through a pattern of racketeering activity as defined by 18 U.S.C.A. §1961(1) which resulted in injury to the Plaintiffs.

17. Specifically, the Individual Defendants engaged, and continue to engage, in conduct violating 18 U.S.C.A. §1341 and 18 U.S.C.A. §1343 to effectuate their scheme to defraud the Plaintiffs by transmitting via the postal service, commercial carrier, wire or other interstate electronic media communications in furtherance of or necessary to effectuate their scheme.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

a. Treble damages (18 U.S.C.A. §1964(c));

b. Compensatory damages;

c. Incidental damages;

d. Consequential damages;

e. Restitution (including return of assets to PTO);



f. Attorney fees (18 U.S.C.A. §1964(c));

g. Interest;

h. Costs of suit; and

i. Any other relief that this Court deems equitable and just.

**SECOND COUNT**

**(UNIFORM FRAUDULENT TRANSFER ACT)**

18. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

19. The Defendants, as set forth in greater detail above, participated in a scheme to convert assets of Vier Incorporated without adequate compensation.

20. After received the goods/assets of Vier without real consideration, the Defendants then transferred the goods to third-parties for significant consideration, none of which was paid to the Plaintiffs. The remainder of the goods were transferred to a warehouse for storage where the defendants held the goods for ransom leaving Plaintiffs only with the choice of paying enormous storage charges or receiving a discounted payment.

21. The foregoing scheme was conducted by the Defendants with actual intent to defraud the Individual Plaintiffs and is a violation of the Uniform Fraudulent Transfer Act.

**WHEREFORE**, the Individual Plaintiffs demand judgment against the Individual Defendants as follows:

a. Compensatory damages;



b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

**THIRD COUNT**

**(FRAUD)**

22. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

23. The Defendants, as set forth in greater detail above, participated in a scheme to convert goods of Plaintiff, Vier, without adequate compensation in order to defraud the Individual Plaintiffs.

24. Although no transfer of goods was to occur without a bill of lading and although the bill of lading was never transferred to Defendants, conversion of the manufactured goods was made without adequate compensation and without title to said items.

25. The Defendants acted with actual intent to defraud the Individual Plaintiffs by fraudulently transferring goods and assets to the Defendants without adequate compensation, and held the goods hostage to perpetrate such fraud,



creating personal liability for the Individual Defendants regardless of their use of business entities.

**WHEREFORE**, the Individual Plaintiffs demand judgment against the Individual Defendants as follows:

a. Compensatory damages;

b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

**FOURTH COUNT**

**(Conversion)**

26. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

27. The aforementioned actions of the Defendants constitute a conversion of Plaintiffs' property.

28. As a result of such conversion, Plaintiffs have been damaged.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

a. Compensatory damages;



b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

**FIFTH COUNT**

(Breach of Contract)

29. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

30. Defendants issued purchase orders (in excess of $500,000.00 U.S.) for merchandise and following a lengthy approval process of providing samples, colors, fabrics, and logo applications, Plaintiff produced over $70,000.00 U.S. of the merchandise and delivered same in accordance with the direction of the Defendants.

31. Upon delivery, Defendants delayed acceptance, refused to pay the bank for the goods but were still given access to the goods and removed some of the merchandise from the shipping containers.

32. Defendants accepted the merchandise by virtue of their failure to reject the delivery within a reasonable period of time after the delivery and in fact repeatedly communicated they were paying the bank for the transfer of title.



33. Defendants then refused to pay the agreed upon price and demanded significant discounts.

34. Plaintiffs have still not received the return of their merchandise.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

a. Compensatory damages;

b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated this 5th day of January, 2010

GOLDSTEIN, VESPI & VAZQUEZ, LLC
264 Union Boulevard
Totowa, New Jersey 07512
Jerry D. Goldstein (7391)
☎ 973.595.5727
🖷973.595.5522
jgoldstein@gvvlaw.com

